

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00439-CR

Enrique **GARCIA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 406th Judicial District Court, Webb County, Texas
Trial Court No. 2017-CRM-001083-D4
Honorable Oscar J. Hale, Jr., Judge Presiding

Opinion by:     Liza A. Rodriguez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: June 12, 2019

AFFIRMED

Enrique Garcia was convicted by a jury of possession of a controlled substance. On appeal, Garcia contends the evidence is legally insufficient to support the jury's finding that he exercised care, control, and management over the controlled substance. Garcia also contends the trial court erred in denying his request for a mistrial. We overrule Garcia's issues and affirm the trial court's judgment.

## BACKGROUND

Detective Robert Ramirez and Detective Robert Garcia, Jr. parked at a laundromat across the street from Garcia's house intending to conduct a "knock and talk" and to request that Garcia accompany them to the police station to discuss an open case. Officer Laura Montemayor was dispatched to the scene to provide transportation in the event Garcia agreed to accompany the detectives. The detectives approached Garcia's house while Officer Montemayor remained on the sidewalk in front of the house.

When the detectives approached Garcia's house, Garcia's brother was outside. A short time later, Garcia came outside and agreed to accompany the detectives. When Officer Montemayor told Garcia she was going to frisk him for officer safety, Garcia began emptying his pockets, and Officer Montemayor and Detective Ramirez saw Garcia drop a plastic baggie containing heroin. Officer Montemayor retrieved the plastic baggie but did not confront Garcia at that time. After Detective Ramirez finished interviewing Garcia at the police station, Officer Montemayor arrested Garcia for possession of a controlled substance.

After hearing the evidence presented at trial, a jury found Garcia guilty of the offense, and he was sentenced to two years' in state jail. Garcia appeals.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Garcia contends the evidence is legally insufficient to support the jury's finding that he exercised care, control, and management over the controlled substance.

When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard requires appellate courts to defer "to the responsibility

of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*.

Garcia was charged with possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a). "Possession" is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39).

In the instant case, both Detective Ramirez and Officer Montemayor saw Garcia drop the plastic baggie while emptying his pockets. Garcia contends their testimony was not credible because he presented evidence that he was targeted by police after being released from prison[1] and had been acquitted of two other charges of possession of a controlled substance. Garcia also contends their testimony contained inconsistencies regarding where the baggie fell. On appeal, however, we defer to the jury's assessment of the witnesses' credibility, and the jury in the instant case chose to believe the testimony of Detective Ramirez and Officer Montemayor. *See Jackson*, 443 U.S. at 319; *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986) ("The jury, being the judges of the facts and credibility of the witnesses, could choose to believe or not believe the witnesses, or any portion of their testimony."). Garcia further contends the lighting was insufficient for Detective Ramirez and Officer Montemayor to see him drop an item and points to Detective Garcia's testimony that he did not see Garcia drop the baggie. Detective Ramirez and Officer Montemayor, however, testified the lighting was sufficient, and photographs of the lighting in the area were introduced into evidence. Furthermore, Detective Garcia testified he was focused on Garcia's house as they crossed the street with Garcia because other family members were inside the house. Finally, Garcia asserts Officer Montemayor used a code for abandoned property when she informed dispatch that she had recovered the baggie containing the heroin. Several other

---

[1] Garcia was convicted of manslaughter in the killing of a police officer.

witnesses, however, testified the code Officer Montemayor used was for recovered or abandoned property, and Officer Montemayor properly used the code because she recovered the baggie containing the heroin. Deferring to the jury's assessment of the credibility of the witnesses and the weight to be given the evidence, we hold the evidence is sufficient to support the jury's finding that Garcia exercised actual care, custody, control, or management of the controlled substance. Garcia's first issue is overruled.

## VOIR DIRE

In Garcia's second issue, he contends the prosecutor vitiated the presumption of innocence during voir dire when he stated, "I am pleased to represent all the law-abiding citizens of Webb County." Garcia asserts the remark inferred that he was not law-abiding and, therefore, not innocent of the charges against him. Accordingly, Garcia contends the trial court erred in denying his request for a mistrial.

"We review a trial court's denial of a mistrial for an abuse of discretion." *Balderas v. State*, 517 S.W.3d 756, 783 (Tex. Crim. App. 2016). "Because [an] objection, [a] request for an instruction to the jury, and [a] motion for mistrial seek judicial remedies of decreasing desirability for events of decreasing frequency, the traditional and preferred procedure for a party to voice its complaint has been to seek them in sequence—that is, (1) to object when it is possible, (2) to request an instruction to disregard if the prejudicial event has occurred, and (3) to move for a mistrial if a party thinks an instruction to disregard was not sufficient." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). "However, this sequence is not essential to preserve complaints for appellate review." *Id*. Instead, "[t]he essential requirement is a timely, specific request that the trial court refuses." *Id*.

In this case, Garcia's attorney objected to the prosecutor's statement and requested a mistrial. When the trial court denied the request for a mistrial, Garcia's attorney requested that the

jury be instructed to disregard the prosecutor's comment. The trial court agreed to address the comment and instructed the jury as follows:

> THE COURT: Ladies and gentlemen of the jury, as mentioned earlier during my voir dire, the prosecutor represents the State of Texas. That's who they represent. And we keep saying the term "voir dire." Well, I'll let you-all address that. Basically, it's a French term that means to speak the truth. I had that in my notes, but I forgot to mention that. I know some of you have served on a jury. It's a term that we use, I guess, loosely because it's a legal term that we always refer to when we're talking about jury selection. So Mr. Thomson, you ready?

Garcia's attorney did not request any further instruction.

A defendant is entitled to a mistrial only when an instruction to disregard would not "cure" the prejudicial event about which a defendant complains. *Id*. at 70. An instruction to disregard "cures" such an event if it "leave[s] the jury in an acceptable state to continue the trial." *Id*. at 69. In this case, the trial court's instruction corrected the prosecutor's misstatement. *See* TEX. CODE CRIM. PROC. ANN. art. 2.01 (noting district attorney represents the State). Although the trial court did not instruct the jury to disregard the prosecutor's statement, the instruction sufficiently refocused the jury's attention on who the State actually represents, and no further objection or request for further instruction was made. *See Draughon v. State*, 831 S.W.2d 331, 336-37 (Tex. Crim. App. 1992) (holding prosecutor's characterization of victims and their families as her "clients" during voir dire could have been cured by an instruction and defense counsel "could even have inquired of the prospective jurors whether [the] statement would affect their deliberations" during voir dire); *Cooper v. State*, No. 05-90-01577-CR, 1992 WL 111031, at *2-3 (Tex. App.—Dallas May 27, 1992, pet. ref'd) (not designated for publication) (holding prosecutor's remark that prosecutor represented law-abiding citizens was improper but "not so inflammatory that the trial court's instruction to disregard could not remove the harm"). Garcia's second issue is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Liza A. Rodriguez, Justice

DO NOT PUBLISH